## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|   |   |
|---|---|
| JESSICA BOTTARO,<br><br>          Plaintiff,<br><br>     v.<br><br>CITY OF CAMDEN, *et al.*,<br><br>          Defendants. | Case No. 26–cv–03670–ESK–MJS<br><br><br>OPINION AND ORDER |

**THIS MATTER** having come before the Court on the application (Application) of *pro se* plaintiff Nasir Finnemen to proceed *in forma pauperis* (IFP) (ECF No. 1–3); and plaintiff having brought this action against defendants City of Camden, Camden County, Waterford Police Department, and other unknown officers (collectively, Defendants); and the Court finding,

1.     Pursuant to 28 U.S.C. §1915(a)(1), this Court may allow a litigant to proceed without prepayment of fees if the litigant "submits an affidavit that includes a statement of all assets" and "states the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." "The decision to grant [IFP] status turns on whether an applicant is 'economically eligible' for such status." *Taylor v. Supreme Court*, 261 F. App'x 399, 400 (3d Cir. 2008) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). "A person need not be 'absolutely destitute' to proceed [IFP]; however, an [applicant] must show the inability to pay the filing and docketing fees." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

2.     Plaintiff's affidavit in support of the Application sufficiently establishes his inability to pay the Court's fees.

3.     The Court shall accordingly screen the action to determine whether the complaint: (a) is frivolous or malicious; (b) fails to state a claim on which relief may be granted; or (c) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i)–(iii). While pleadings filed by *pro se* plaintiffs are to be liberally construed and are held to a less stringent standard than those filed by attorneys, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Haines v.*

*Kerner*, 404 U.S. 519, 520 (1972); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

4.    When evaluating whether a complaint must be dismissed under § 1915(e), the Court applies the same standard of review that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002).    To survive dismissal under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face."    *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).    "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."    *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

5.    A complaint must also comply with Rule 8, which requires that each allegation be "simple, concise, and direct" yet provide enough specificity as to "give the defendant fair notice of what the … claim is and the grounds upon which it rests."    *Twombly*, 550 U.S. at 555.

6.    "The *Rooker-Feldman* doctrine prevents district courts from mistakenly relying on their original jurisdiction to engage in appellate review of state-court orders."    *Merrits v. Richards*, 62 F.4th 764, 774 (3d Cir. 2023). Similarly, "[t]he *Colorado River* doctrine allows a federal court to abstain, either by staying or dismissing a pending federal action, when there is a parallel ongoing state court proceeding."    *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 307 (3d Cir. 2009); *see Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976).

7.    Here, the Complaint does not meet the above standards.    Plaintiff, who states she is currently unhoused, alleges she was unlawfully arrested for sleeping in her vehicle based on false pretenses and fabricated evidence.    (ECF No. 1–1 p. 2.)    Plaintiff further alleges that officers damaged her car while it was impounded, and that counsel for her state case has failed to file a motion for discovery on the docket.    (*Id.*)    As a result, the Complaint makes claims for malicious prosecution, ineffective assistance of counsel, and violation of 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendment to the United States Constitution.    (*Id.* pp. 1, 3.)    But plaintiff does not provide enough specificity showing which Defendants were responsible for which claims.    (*See, e.g.*, ECF No. 1–1 p. 2 (alleging "[p]olice officers woke plaintiff," "officers" made false claims of plaintiff, and "officers" damaged plaintiff's vehicle).)

8.    By way of further example. plaintiff claims that defendants "initiated criminal prosecution based on false pretenses and fabricated evidence, causing

2

[p]laintiff severe harm" (ECF No. 1–1 p.3) but does not identify the criminal charges, the status of the criminal proceeding, or the nature of the fabricated evidence.

9. It also appears that some or all these claims may require the Court to confront matters previously adjudicated by or currently pending before New Jersey state court, thereby implicating the *Rooker-Feldman* doctrine or *Colorado River* abstention.

Accordingly,

**IT IS** on this **18th** day of **May 2026 ORDERED** that:

1. The Application at ECF No. 1–3 is **GRANTED.**

2. The Complaint at ECF Nos. 1 and 1–1 is **DISMISSED without prejudice**. Plaintiff may file an amended complaint by **June 18, 2026** addressing the deficiencies outlined above. If an amended complaint is not filed by June 18, 2026, the Court intends to dismiss the Complaint with prejudice.

3. The Clerk of the Court is directed to close this case and send a copy of this Order to plaintiff by regular mail.

    */s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**